United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORLUISMAR H SUAREZ-CASTRO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02891 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Petitioner Orlusimar H. Suarez-Castro, a native and citizen of Venezuela, filed this immigration habeas petition under 28 U.S.C. § 2241 to challenge her ongoing immigration detention. Doc. No. 1. The record reflects that Petitioner has not been admitted to the United States and, therefore, is an applicant for admission under 8 U.S.C. § 1225(b) subject to mandatory detention. *See* Doc. No. 1 at 9. The Fifth Circuit's holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026), and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory and due process grounds.

In addition, her claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was

able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy). Her claim regarding her temporary protected status is unavailing based on the Executive Branch's non-renewal of that program, and her claim under the Eighth Amendment that immigration detention is cruel and unusual punishment fails because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Doc. No. 5) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
3. All other pending motions, if any, are **DENIED as MOOT**.
4. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED this 4th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE